FILED
OCT 25 2012
10-25-12
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **12 CR 837** |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, Sections 1341 and 1951 |
| FRANCIS ZOLLER | ) | |
| | ) | **INDICTMENT** |

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE SCHENKIER

COUNT ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant FRANCIS ZOLLER was an officer in the Chicago Police Department assigned to the 4th police district.

    b. The Chicago Police Department required its officers to follow the Department's Rules and Regulations and General Orders.

    c. Chicago Police Department Rule 4 prohibited officers from any conduct or action taken to use their official position for personal gain or influence.

    d. Chicago Police Department Rule 45 prohibited officers from recommending any professional or commercial service.

    e. Chicago Police Department Rule 46 prohibited officers from advising any person engaged in a professional or commercial service that such professional or commercial service may be needed.

    f. Chicago Police Department Rule 48 prohibited officers from soliciting

or accepting any gratuity, or soliciting or accepting a gift, present, reward, or other thing of value for any service rendered as a Department member, or as a condition for the rendering of such service, or as a condition for not performing sworn duties.

    g.    Chicago Police Department General Order 98-08-01D stated that tows are provided by the Department of Streets and Sanitation or by Towing Company B, seven days a week, twenty-four hours a day.

    h.    Chicago Police Department General Order 98-08-01D required that officers notify the Chicago Police Department Office of Emergency Management and Communication to request a tow for any vehicle that should be towed.

    i.    Individual A was a tow truck driver and owner of Towing Company A, a towing business operating in the Chicago area. Unbeknownst to the defendant, Individual A was cooperating with law enforcement.

    2.    Beginning on or about January 3, 2008, and continuing through on or about January 8, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

FRANCIS ZOLLER,

defendant herein, did attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that he attempted to obtain and obtained property, namely United States currency, from Individual A, with that person's consent induced under color of official right;

In violation of Title 18, United States Code, Section 1951.

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. At times material to this indictment:

    a. Insurance Company A provided insurance coverage for automobiles in the State of Illinois.

    b. Insurance policies issued by Insurance Company A included coverage for damage to an insured vehicle caused during accidents, for expenses incurred in towing an insured vehicle from an accident scene, and for storage of the insured vehicle at a towing company storage lot.

    c. If a vehicle insured by Insurance Company A was at fault in an accident with another vehicle or vehicles, insurance policies issued by Insurance Company A provided coverage for damage to, and expenses incurred by, the other vehicles.

    d. Companies which operate tow trucks to tow automobiles from accident scenes are typically paid for their services by the insurance company which insured the vehicle determined to be at fault in the accident.

    e. Defendant ZOLLER was an officer in the Chicago Police Department assigned to the 4th police district.

    f. Individual A was a tow truck driver and owner of Towing Company A, a towing business operating in the Chicago area. Unbeknownst to the defendant, at certain times relevant to this Indictment, Individual A was cooperating with law

3

enforcement.

2.	Beginning no later than on or about January 8, 2008, and continuing to at least in or about February 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

FRANCIS ZOLLER,

defendant herein, and others, devised and intended to devise and participated in a scheme to defraud Insurance Company A and to obtain money and property by means of materially false and fraudulent pretenses, promises, and representations, and by material omissions, all of which is more fully described below.

3.	It was part of the scheme that, on January 8, 2008, Individual B's vehicle was driven to the scene of a purported accident by Individual A, while Individual B was a passenger in the vehicle.

4.	It was further part of the scheme that Individual A parked Individual B's vehicle behind a tow truck operated by Individual C to make it appear as though Individual B's vehicle had struck the tow truck from behind. In fact, no collision occurred between these vehicles on January 8, 2008.

5.	It was further part of the scheme that, on January 8, 2008, defendant ZOLLER created a false police report for a traffic accident involving Individual B's vehicle and the tow truck. In fact, defendant ZOLLER knew that no accident had occurred between these vehicles on January 8, 2008.

6. It was further part of the scheme that Individual B made an insurance claim to Insurance Company A.

7. It was further part of the scheme that, on January 25, 2008, defendant ZOLLER accepted a $2,000 cash payment from Individual A in return for ZOLLER's participation in the scheme.

8. It was further part of the scheme that the defendant and others misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and acts done in furtherance of the scheme.

9. On or about February 2, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

FRANCIS ZOLLER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause an envelope to be delivered through the U.S. mail to Individual B, in Chicago, Illinois, according to the directions thereon, which envelope contained a letter regarding the handling of Individual B's claim relating to the purported accident involving Individual B's vehicle on January 8, 2008;

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1. The allegations contained in Counts One and Two of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 1341 and 1951, as alleged in the foregoing Indictment,

FRANCIS ZOLLER,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interest(s) of the defendant(s) subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) include but are not limited to $4,000.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

*Gary S. Shapiro*
ACTING UNITED STATES ATTORNEY
by LJ Barsella